# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

BRIAN MICHAEL ALEXANDER,

        Defendant-Appellee.

UNPUBLISHED
October 6, 2016

No.   332700
Ingham Circuit Court
LC No.   15-000175-FH

Before:  RIORDAN, P.J., and METER and OWENS, JJ.

PER CURIAM.

A jury found defendant guilty of four counts of second-degree criminal sexual conduct, MCL 750.520c(1)(b) (victim at least 13 but less than 16 years of age).  The prosecution appeals by leave granted from the trial court's order granting defendant a new trial.[1]  We reverse.

The victim, defendant's stepdaughter, testified that on three occasions defendant entered her bedroom, pulled her on top of him, and rubbed his penis against her groin while they were both clothed.  She further testified that defendant once slid his hand into her pants to touch her buttocks, and another time pulled her on top of him when she was in his bedroom watching television.  On that occasion, she testified, she cried and ran to her own bedroom.  She testified that defendant ceased his advances after that incident.  Defendant testified and denied that any of the incidents alleged ever happened.  The victim's mother believed that her daughter had lied to her about the molestation.  The mother also provided testimony contradicting certain portions of the victim's testimony about the circumstances surrounding the alleged incidents.

After the jury convicted defendant, he filed a motion for a new trial and evidentiary hearing based upon various allegations.  Defendant pointed out that the victim testified at the preliminary hearing that she had stayed home from school because of illness on the day he allegedly assaulted her in his bedroom, but at trial she testified that she stayed in school despite her illness because her mother, by way of text messaging, encouraged her to do so.  According to

---

[1] *People v Alexander*, unpublished order of the Court of Appeals, entered June 2, 2016 (Docket No. 332700).

defendant, the prosecution never informed defense counsel that the victim would change her testimony by talking about text messaging.[2]

Defendant acknowledged that the victim's mother testified that she did not receive text messages from the victim on the day in question. Nevertheless, defendant produced telephone records and asserted that they revealed that the pair did not exchange text messages during the relevant timeframe, which, he argued, proved that the victim committed perjury. He argued that the allegedly newly discovered evidence (the telephone records) merited a new trial.

The court characterized the trial as being a credibility contest between the victim and defendant, and stated that "evidence that may be of limited value in some respects has substantial value" in such a case. The trial court explained that the allegedly newly discovered evidence (telephone records) "could have -- and I am not saying it necessarily would, but I think it may well have created a situation where the jury would have a lot more trouble with" the victim's testimony. The court ordered a new trial, concluding that the telephone-record "evidence should have been presented to the jury and that it could have made a difference."

The prosecution contends that the trial court abused its discretion by granting defendant a new trial. We review a trial court's decision to grant or deny a new trial for an abuse of discretion. *People v Terrell*, 289 Mich App 553, 558; 797 NW2d 684 (2010). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *Id*. at 559.

"For a new trial to be granted on the basis of newly discovered evidence, a defendant must show that: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result *probable* on retrial." *People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003) (citations and quotation marks omitted; emphasis added). "[N]ewly discovered impeachment evidence satisfies *Cress* when (1) there is an exculpatory connection on a material matter between a witness's testimony at trial and the new evidence and (2) a different result is *probable* on retrial." *People v Grissom*, 492 Mich 296, 319; 821 NW2d 50 (2012) (citation omitted; emphasis added).

Again, the court determined that the records "could have made a difference" at trial. This conclusion speaks of "possibility," not "probability." Applying the incorrect legal standard constitutes an abuse of discretion. *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013) ("A trial court necessarily abuses its discretion when it makes an error of law.").

---

[2] The relevant preliminary examination testimony was elicited at trial, and school records showing that the victim had not missed any school days were discussed at trial as well. The victim testified at trial that she had "thought that" she missed school but now "kn[ew she] didn't."

Even disregarding this mistake, a new trial is not warranted. Initially, we note that the telephone records are cumulative to testimony provided by the victim's mother that she did not receive text messages from her daughter the day of the alleged assault in defendant's bedroom.

Defendant asserts that the telephone records demonstrate that the victim committed perjury. However, the victim equivocated when testifying about the text messages. She first explained that she "could have texted" her mother from school to tell her that she felt ill, but later testified that she "probably" sent text messages to her mother, adding, "I don't remember exactly . . . ." The victim also testified that she "probably" called her mother after school. The telephone records simply do not prove that the victim committed perjury. Indeed, the records are consistent with the victim's testimony to the extent that they make clear what the victim was unclear about.

Also, evidence that the victim did not miss school on the day of the last alleged assault, as she testified she did at the preliminary examination, was admitted at trial. Defendant also got the victim to admit that she asked her former boyfriend to lie about the reason their relationship ended,[3] and both defendant and the victim's mother testified that the victim lied about things. Given these circumstances, the telephone records do not expose an egregious untruth that would undermine the victim's credibility to the point that it would make a different result probable on retrial.

We reverse the grant of a new trial.


/s/ Michael J. Riordan
/s/ Patrick M. Meter
/s/ Donald S. Owens

---

[3] It appears, from context, that the victim was trying to hide from her mother something she found personally embarrassing about the breakup.